## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

JEFFREY LEE KESNER,
       **Plaintiff,**


**v.**                                                **CIVIL ACTION NO. 3:17-CV-155**
                                                      **(GROH)**


KEVIN HELMIC,
LUCAS SEE,
CARTER WILLIAMS, and
BRIAN VANCE,
              **Defendants.**


## PROPOSED FINDINGS AND RECOMMENDATION

### I.      Introduction

Plaintiff is a resident of the City of Moorefield, West Virginia, who filed a civil rights action pursuant to 42 U.S.C. § 1983 on December 15, 2017.  ECF No. 1.[1]  He complains that a Moorefield police officer, Kevin Helmic ("Helmic"), Hardy County prosecutor, Lucas See ("See"), and a state circuit court judge, Carter Williams ("Judge Williams"), violated his rights by unlawfully detaining and entrapping him. [2]  Plaintiff further claimed that his defense counsel, Brian Vance ("Vance"), likewise entrapped and unlawfully detained Plaintiff, through his failure to get the state court charges pending against Plaintiff dismissed.  Id. at 7 – 8.

---

[1] ECF Numbers cited herein refer to case number 3:17-CV-155 unless otherwise noted.

[2] Plaintiff also filed two additional civil rights complaints on January 19, 2018 in case numbers 3:18-CV-10 and 5:18-CV-17.  Those complaints named the same individuals as Defendants and asserted nearly identical claims, but with modified requests for relief.  The three cases were consolidated into this single action by order of the Court entered January 19, 2018.  ECF No. 9.

The matter is now before the undersigned United States Magistrate Judge for a Proposed Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned recommends that the complaint be dismissed with prejudice

## II.      Factual and Procedural History

### A.      State Court Proceedings

According to his complaint, on May 17, 2017, Plaintiff was arrested by Helmic in Hardy County, West Virginia, based on a false statement made by Ashley Moats ("Moats").  ECF No. 1 at 7.  Plaintiff claims that Moats' statement falsely alleged that Plaintiff "gave her the drug she was caught with," and that Moats' statement was used to pursue criminal charges against him.  Id. at 7 – 8.  Plaintiff was charged in Hardy County Magistrate Court case number 17-M-16F-00039, with possession with intent to distribute a controlled substance, which case was bound over to the grand jury on June 1, 2017, in case number 17-B-22.  At the time that Plaintiff filed this civil rights action, in December 2017, Hardy County Circuit Court case number 17-B-22 remained pending in the Circuit Court of Hardy County, West Virginia.  On February 14, 2018, Hardy County Circuit Court case number 17-B-22 was dismissed without prejudice because Plaintiff pled to the related misdemeanor offense of possession of a controlled substance, in Hardy County Magistrate Court. See Court's Exhibit A, attached hereto.

### B.      Instant Civil Rights Action in 3:17-CV-155

On December 15, 2017, Plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. §§ 1983, alleging violations of his constitutional rights by the Defendants. Plaintiff's complaint lists four grounds for relief, one against each Defendant.  ECF No. 1

2

at 7 – 8.  All four claims essentially allege that Plaintiff was unlawfully detained.  Plaintiff alleges that he was unlawfully entrapped, detained and incarcerated by Helmic (Claim 1), See (Claim 2), Judge Williams (Claim 3) and Vance (Claim 4).  Id. at 7 – 8.  In his complaint, Plaintiff more specifically alleged that Helmic used a perjured statement which "impl[i]cated two different people" to obtain an arrest warrant for Plaintiff, and detained Plaintiff based upon that arrest warrant.  Id. 1 at 2.

For relief, Plaintiff asks for the "charges to be dismissed" and to be compensated for lost wages.  Id. at 9.  In the complaint filed in one of the consolidated cases, Plaintiff specifically sought $25,000.00 in damages.  5:18-CV-17, ECF No. 1 at 9.

### III.  Legal Standard

#### A.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

Section 1915(d)[3] is designed largely to discourage the filing

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> of, and waste of judicial and private resources upon,
> baseless lawsuits that paying litigants generally do not
> initiate because of the costs of bringing suit and because of
> the threat of sanctions for bringing vexatious suits
> under Federal Rule of Civil Procedure 11. To this end, the
> statute accords judges not only the authority to dismiss a
> claim based on an indisputably meritless legal theory, but
> also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual
> contentions are clearly baseless.

490 U.S. at 327.

### B.     Failure to State a Claim

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, 404 U.S. at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the

---

(2) seeks monetary relief from a defendant who is immune from such relief."

4

court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id. at 570.  Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

### C.    § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

## IV.  Analysis

Plaintiff fails to state a claim upon which relief can be granted.  Two of the Defendants named by Plaintiff are absolutely immune from suit.  One of the Defendants has qualified immunity from suit.  The fourth Defendant is improperly named as a defendant in § 1983 action.

### A.      Defendant Judge and Prosecutor have Absolute Immunity

Judges and prosecutors are both absolutely immune from suit under § 1983. Plaintiff's allegations against Judge Williams and See are broad, asserting that both are responsible for entrapping him, and for his unlawful detainer and incarceration.  Plaintiff claims that both Judge Williams and See relied upon a perjured statement, and did not dismiss the criminal charges filed against him.   Plaintiff makes no other specific allegations against either Judge Williams or See.

It is well established that, " '[J]udges are absolutely immune from suit for a deprivation of civil rights' for actions taken within their jurisdiction." Foster v. Fisher, 694 F. App'x 887, 888 (4th Cir. 2017) (quoting King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992)).  As recognized by the Supreme Court, judges are "immune from civil suit 'for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction.'" Butz v. Economou, 438 U.S. 478, 508 (1978)

(quoting Bradley v. Fisher, 80 U.S. 335, 13 Wall. 335 (1871)).  The Court in Butz cited

repeatedly to the reasoning of Bradley, noting that "the principle of immunity for acts

done by judges 'in the exercise of their judicial function' had been 'the settled doctrine of

the English courts for many centuries, and has never been denied, that we are aware

of, in the courts of this country.'"  Id.  Further, the Court recognized that:

> If a civil action could be maintained against a judge by virtue
> of an allegation of malice , judges would lose "that
> independence without which no judiciary can either be
> respectable or useful." [ ] Thus, judges were held to be
> immune from civil suit "for malice or corruption in their action
> whilst exercising their judicial functions within the general
> scope of their jurisdiction."

Id. at 509 (quoting Bradley, 13 Wall at 347, 354).  This immunity has long been

recognized by both federal and state[4] courts.   The Supreme Court has further

recognized that:

> Although unfairness and injustice to a litigant may result on
> occasion, "it is a general principle of the highest importance
> to the proper administration of justice that a judicial officer, in
> exercising the authority vested in him, shall be free to act
> upon his own convictions, without apprehension of personal
> consequences to himself."

---

[4] In Foster, the Fourth Circuit considered a § 1983 against a state magistrate, a state trial judge

and other defendants, and quoting King, recognized that:

> "Magistrates are judicial officers, and are thus entitled to absolute
> immunity under the same conditions as are judges."  Id. However, to be
> entitled to immunity, the act taken must be a "judicial act"—i.e., a
> "function [that is] normally performed by a judge, and [for which] the
> parties dealt with the judge in his or her judicial capacity." Id. (citation
> and internal quotation marks omitted). In addition, "[a] judge will not be
> deprived of immunity because the action he took was in error, was done
> maliciously, or was in excess of his authority; rather, he will be subject to
> liability only when he has acted in the clear absence of all
> jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099,
> 55 L.Ed.2d 331 (1978) (internal quotation marks omitted).

Foster v. Fisher, 694 F. App'x 887, 888 (4th Cir. 2017).

Mireles v. Waco, 502 U.S. 9, 10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) (quoting

Bradley, 13 Wall. at 347.  In Mireles, the Court further recognized that judicial immunity

may be overcome in only two sets of circumstances, "[f]irst, a judge is not immune from

liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity.

Second, a judge is not immune for actions, though judicial in nature, taken in the

complete absence of all jurisdiction."  502 U.S. at 11–12 (internal citations omitted).

It appears that Plaintiff alleges that Judge Williams relied upon a witness

statement in deciding to hold Plaintiff in pre-trial custody in Hardy County Criminal

Action number 17-B-22.  Such actions are clearly within the judge's judicial capacity

and within the jurisdiction of the court.  Accordingly, Plaintiff's claim against Judge

Williams fails to state a claim upon which relief may be granted, and should be

dismissed with prejudice.

Prosecutors likewise enjoy absolute immunity for actions taken while performing

"the traditional functions of an advocate."  Kalina v. Fletcher, 522 U.S. 118, 131 (1997).

The Supreme Court in Kalina further recognized specific situations where such

immunity applies:

> In *Burns v. Reed,* 500 U.S. 478 [ ] (1991), after noting the consensus among the Courts of Appeals concerning prosecutorial conduct before grand juries, *id.,* at 490, n. 6 [ ], we held that the prosecutor's appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing were protected by absolute immunity, *id.,* at 492 [ ]. And in *Buckley [v. Fitzsimmons],* we categorically stated that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." 509 U.S., [259] at 273.

522 U.S. at 125–26.  Moreover, the Supreme Court has identified the important policy considerations which mandate immunity for prosecutors:

> Exposing the prosecutor to liability for the initial phase of his prosecutorial work could interfere with his exercise of independent judgment at every phase of his work, since the prosecutor might come to see later decisions in terms of their effect on his potential liability. Thus, we shield the prosecutor seeking an indictment because any lesser immunity could impair the performance of a central actor in the judicial process.

Malley v. Briggs, 475 U.S. 335, 343 (1986).

Plaintiff claims that See "allowed" a perjured statement "to be used to [pursue] criminal charges and did not dismiss" the charges.  ECF No. 1 at 8.  Such actions by the prosecutor in the preparation of a warrant or to a grand jury are entitled to the protections of absolute immunity consistent with the holdings in Burns and Malley. Further, any preparations made by See to present Plaintiff's case for the initiation of judicial proceedings or for trial, which occurred in the course of his role as an advocate for the State, are likewise entitled to the protections of absolute immunity under the holding of Buckley.  Accordingly, Plaintiff's claim against See fails to state a claim upon which relief may be granted, and should be dismissed with prejudice.

## B.    Defendant Officer has Qualified Immunity

Law enforcement officers are protected by qualified immunity from suit under § 1983.   Plaintiff alleges that officer Helmic obtained a perjured statement to justify Plaintiff's arrest on May 17, 2017.  ECF No. 1 at 7.  Plaintiff further claims that Helmic entrapped Plaintiff, causing his unlawful detainer and incarceration.  Id.  Plaintiff asserts that Helmic's actions resulted in his incarceration, and cost him his job and his residence.  Id. at 9.  Plaintiff makes no other allegations of specific actions by Helmic.

The Supreme Court has made clear that law enforcement officers are entitled to qualified immunity under § 1983, "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was "clearly established at the time." D.C. v. Wesby, __U.S. __, 138 S. Ct. 577, 589 (2018).  Quoting various preceding decisions, in Wesby, the Supreme Court further explained:

> "Clearly established" means that, at the time of the officer's conduct, the law was " 'sufficiently clear' that every 'reasonable official would understand that what he is doing' " is unlawful.  In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law."

138 S. Ct. at 589 (internal citations omitted).  Previously, the Supreme Court held that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley, 475 U.S. at 341 (1986).  In Malley, the Supreme Court specifically found that police officers applying for warrants are immune from civil damages liability if a reasonable officer could have believed that there was probable cause to support the warrant application.  475 U.S. at 638 – 39.  Moreover, the Supreme Court has long recognized that:

> When government officials abuse their offices, "action[s] for damages may offer the only realistic avenue for vindication of constitutional guarantees."  On the other hand, permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.  Our cases have accommodated these conflicting concerns by generally providing government officials performing discretionary functions with a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.

10

Anderson v. Creighton, 483 U.S. 635, 638–39 (1987) (internal citations omitted).

Here, without further factual allegations or support for his claims, Plaintiff asserts that Helmic used a false statement to obtain a warrant for his arrest. Plaintiff does not provide information or documentation to support his claim that the officer used a false statement to obtain the arrest warrant. Nor does Plaintiff indicate how Helmic was either plainly incompetent or how Helmic knowingly violated the law in regard to obtaining the warrant that led to Plaintiff's arrest. Further, Plaintiff fails to demonstrate that Helmic either violated a federal statutory or constitutional right, or that the unlawfulness of Helmic's conduct was clearly established at the time.

Helmic is entitled to the protections of qualified immunity granted to law enforcement officers under the holdings of Wesby, Malley and Anderson. Further, Plaintiff cannot establish either of the exceptions to qualified immunity which were recognized by the Supreme Court in Wesby. Accordingly, Plaintiff's claim against Helmic fails to state a claim upon which relief may be granted, and should be dismissed with prejudice.

### C.    Plaintiff's Claim against his Attorney Improper in § 1983 Proceeding

Plaintiff claims that his attorney, Vance, like the investigating officer, prosecuting attorney and presiding judge, participated in Plaintiff's entrapment, unlawful detainer and incarceration. Plaintiff asserts that his attorney "failed to [ ] get charges dismissed due to [a] lack of and or no evidence or fabr[i]cated [evidence]." ECF No. 1 at 8. Plaintiff failed to assert that his attorney was a state actor, or that his lawyer's actions were taken under color of state law, as required by Gomez. Nonetheless, even if Plaintiff's lawyer is deemed to be a state actor, Plaintiff is not entitled to relief in regard

11

to acts taken by his counsel.

To the extent that Plaintiff asserts his constitutional rights were violated because his attorney was ineffective, this proceeding under § 1983 is an improper vehicle to assert such claims in this Court.  Claims of ineffective assistance of counsel which occurred in a state court proceeding are generally considered by this Court in petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Plaintiff does not assert any claims against his counsel as a state actor who violated his constitutional rights.  Further, any claims of ineffective assistance of counsel are not properly considered under § 1983.  Accordingly, Plaintiff's claim against Vance fails to state a claim upon which relief may be granted, and should be dismissed with prejudice.

## V.  Recommendation

For the foregoing reasons, this Court **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**, based on the failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed

ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

These Proposed Findings and Recommendation completes the referral from the District Court.  The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:      December 14, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE